**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CINSEREE JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:11-CV-1912-0-BH |
| ) | |
| **AT & T,** ) | |
| ) | |
| **Defendant** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Plaintiff filed this case, along with an *Affidavit of Poverty* in which he sought to proceed *in forma pauperis* on August 4, 2011. On August 5, 2011, the Court sent him an application to proceed without prepayment of fees or costs to obtain more information about his ability to pay the fee, along with an order instructing him that the application must be completed and returned within thirty days. The order warned that failure to timely file a completed application could result in the dismissal of the action for failure to prosecute. As of this date, Plaintiff has not filed the application or anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid

congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the August 5, 2011 order requiring that he file an application to proceed without prepaying fees or costs within thirty days, and he has not filed anything else in the case. It appears that he does not intend to proceed with this case, and it should therefore be dismissed for failure to prosecute or follow orders of the Court.

### III.  RECOMMENDATION

This case should be dismissed without prejudice for want of prosecution or failure to follow court orders pursuant to Fed. R. Civ. P. 41(b), unless Plaintiff files an application to proceed *in forma pauperis* within the time for objecting to this recommendation.

**SIGNED this 16th day of September, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE